UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE P. GARFIELD,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM B. EVANS, ET AL.<br><br>        Defendants. | No. 17-cv-10704-PBS |

**REPORT AND RECOMMENDATION TO DISMISS THE COMPLAINT
FOR FAILURE TO PROSECUTE**

CABELL, U.S.M.J.

Wayne Garfield has brought an action against the Boston Police Department and several individuals arising from what he contends was an unlawful stop accompanied by excessive force. Since November 2017, however, Garfield has failed to participate meaningfully in the suit and has failed to respond to a recent order to show cause. The court therefore recommends that the complaint be dismissed for lack of prosecution.

**I.   RELEVANT BACKGROUND**

The plaintiff initiated the present action by way of complaint on April 25, 2017, and thereafter filed an amended complaint on June 23, 2017. (Dkt. Nos. 1 and 9). The gravamen of his complaint is that BPD Officer Stephen Green impermissibly stopped him on a public street, pinned him to the plexiglass of a bus station, and

then physically assaulted him in a nearby alley while making threatening statements.  (Am. Compl. ¶¶ 25-34).  The plaintiff asserts three claims against the defendants pursuant to 42 U.S.C. § 1983, as well as a claim under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11H.

On October 23, 2017, in lieu of an answer to the amended complaint, the defendants filed a motion to stay civil proceedings pending the resolution of a criminal action pending against the plaintiff in Massachusetts state court.  (Dkt. Nos. 23 and 26).  On November 13, 2017, the plaintiff filed a timely opposition to the defendants' motion.  (Dkt. No. 24).  Since doing so, however, the plaintiff has not taken any further steps to prosecute his suit.

In particular, the plaintiff failed to appear at a scheduled January 5, 2018 hearing on the defendants' motion to stay.  The plaintiff also failed to respond at all to the defendants' three motions to dismiss, all filed on January 22, 2018. (Dkt. Nos. 35, 37, 39).  Most recently, the court, on February 22, 2018, issued an order to show cause why the court should not recommend dismissal of the complaint based on the plaintiff's failure to prosecute. (Dkt. No. 41).  The record reflects that a copy of the order was mailed to the plaintiff's last known address (Dkt. No. 42), and no mail was returned thereafter to the court as undeliverable. Nonetheless, the plaintiff did not respond.

## II. __DISCUSSION__

It is a long-established principle that this court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute his action and his failure to follow the court's orders. Fed. R. Civ. P. 41(b); D. Mass. L.R. 41.1(b) (The court may *sua sponte* give notice of a "hearing on a dismissal calendar for actions or proceedings assigned to that judge that appear not to have been diligently prosecuted," and may dismiss the case if the plaintiff fails to respond). *See also Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) (district court had inherent authority to dismiss a case for failure to prosecute and does not abuse its discretion in dismissing the case based, in part, on plaintiff's failure to appear at pre-trial conference). While the court exercises this authority with caution, it is respectfully recommended that dismissal is appropriate in the case at hand. Without the plaintiff's active participation, the court has no means to effect the advancement of the case to a resolution on the merits. As noted above, the plaintiff has demonstrated that he is capable when he wants of complying with the applicable rules of civil procedure to do all of the things necessary to advance his case, but it would seem that he has now decided to stop doing so.

Accordingly, it is my recommendation in light of the foregoing that the complaint be dismissed, without prejudice.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 20, 2018

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).